UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOHN COE RICHARDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DESCHUTES COUNTY DISTRICT COURT, *et al.*,<br><br>    Defendants. | Case No. 6:25-cv-01606-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

Self-Represented Plaintiff John Coe Richardson ("Plaintiff") filed this lawsuit in September 2025 and applied to proceed in forma pauperis ("IFP"). Plaintiff subsequently filed a motion for summary judgment. For the reasons below, Plaintiff's motion to proceed IFP (ECF No. 2) is GRANTED; however, the Clerk of the Court shall not issue process until further order of the Court because Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend. Plaintiff's Motion for Summary Judgment (ECF No. 10) is DENIED as moot.

## BACKGROUND

Plaintiff brings this action under § 1983 against Deschutes County Court, the Deschutes County District Attorney and Assistant District Attorneys, Deschutes County Animal Control, Central Oregon Humane Society, Steven Pugh, his former attorney Matthew Sonneby, and media

outlets ("Defendants"). Compl. 2, ECF No. 1. Plaintiff's claims appear to arise from his arrest on April 29, 2025, and his related proceedings in Deschutes County Circuit Court. Compl. 2-4. Plaintiff alleges that Defendants unlawfully seized his dogs, failed to address his objections to the seizure, denied him due process, charged him in an untimely manner, and made him surrender his firearms. Compl. 3-4. Plaintiff seeks damages and injunctive relief for violations of his Second, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Compl. 3, 4.

## DISCUSSION

### I. IFP Application

A review of Plaintiff's application reveals he is unable to afford the costs of this litigation. As such, the application is GRANTED. However, as explained in more detail below, the Complaint is DISMISSED without prejudice.

### II. Mandatory Screening

#### A. Standards

Congress established that when a complaint is filed in forma pauperis, even if the plaintiff paid a filing fee or portion thereof, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding in forma pauperis raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1

(E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding pro se and in forma pauperis.").

A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* at 325. A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "plausibly suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented, or pro se, plaintiffs receive special dispensation. A court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no

Page 3 — OPINION AND ORDER

amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a pro se plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

    B.    Analysis

Dismissal of Plaintiff's Complaint is appropriate for at least three reasons. First, to the extent Plaintiff asks the Court to intervene in their criminal proceeding, such a claim is barred by *Younger* and its progeny. Under *Younger*, abstention is appropriate where hearing a case would interfere with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43 (1971).

Here, Plaintiff alleges that they were charged incorrectly, received ineffective assistance of counsel, and suffered many due process violations in court proceedings "going on since late April 2025." Compl. 3, 4. Plaintiff's other allegations appear tied to their criminal proceeding and the associated seizure of their dogs and firearms. Compl. 2, 3. Plaintiff's claims therefore are barred by *Younger*.

Second, even when liberally construed, Plaintiff's allegations fail to meet the threshold requirements of Rule 8. The Complaint fails to allege what specific action each specific Defendnant took that violated the law. The Complaint therefore fails to state a claim under *Iqbal*.

Third, Plaintiff brings § 1983 claims against defendants without articulating how certain defendants acted under color of state law. A claim for relief under § 1983 must allege a deprivation of federal rights committed or caused by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1998); *Franklin v. Terr*, 201 F.3d 1098, 1100-01 (9th Cir. 2000).

Plaintiff names, among others, the Central Oregon Humane Society, individuals, his former attorney, and media outlets as defendants but fails to allege how they acted under color of law with more than a bare legal conclusion. Plaintiff's claims with respect to these individuals are therefore barred.

### C. Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has discretion whether to allow amendment. *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector*, 836 F.3d 1146, 1151 (9th Cir. 2016) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court gives Plaintiff leave to file an amended complaint to cure, if possible, the deficiencies outlined above. The Court reminds Plaintiff that, should he file an amended complaint, he must allege the specific facts underlying each claim.

### CONCLUSION

For the reasons above, Plaintiff's motion to proceed IFP (ECF No. 8) is GRANTED; however, the Clerk of the Court shall not issue process until further order of the Court because Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend. Plaintiff has thirty days to file an amended complaint. Plaintiff's Motion for Summary Judgment (ECF No. 10) is DENIED as moot.

DATED this 7th day of November 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge