UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOHN COE RICHARDSON, | Case No. 6:25-cv-01606-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| DESCHUTES COUNTY CIRCUIT COURT, *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-Represented Plaintiff John Coe Richardson ("Plaintiff") filed this lawsuit in September 2025. The Court approved his motion to proceed *in forma pauperis* ("IFP") but dismissed his complaint with leave to amend. Op. & Order, ECF No. 11. For the reasons below, Plaintiff's First Amended Complaint ("FAC") (ECF No. 16) is dismissed. Plaintiff's claims against Defendants Deschutes County Circuit Court and Deschutes County District Attorney's Office are dismissed with prejudice. Plaintiff's claims against all other defendants are dismissed with leave to amend. Plaintiff's Consolidated Motion to Lodge Returned Certified Mail (ECF No. 18), Motion Regarding Steven Pugh's Refusal of Service (ECF No. 19), Notice of Sixth Refusal of Service and Motion for Order Authorizing Alternative Service and Order Deeming

Page 1 — OPINION AND ORDER

Service Effective as to Steven Pugh (ECF No. 20), and Notice of Seventh Evasion and Refusal of Service by Defendant Steven Pugh (ECF No. 21)[1] are denied as moot.

## BACKGROUND

Plaintiff brings this amended complaint under 42 U.S.C. § 1983 ("Section 1983") against Deschutes County Circuit Court, Deschutes County Sheriff's Office ("Sheriff's Office"), Deschutes County Sheriff's Office and Animal Control ("Animal Control"), Deschutes County District Attorney's Office ("DA's Office"), Steven Pugh, Matthew Sonneby, Central Oregon Humane Society,[2] Deschutes Legal Counsel, and Does 1-20 ("Defendants"). First Am. Compl. ("FAC") 1, 3, ECF No. 16. Plaintiff's claims arise from his arrest on April 29, 2025, and related proceedings in state court. FAC 2-4.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that the action or appeal is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Willaims*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc)  (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by

---

[1] Plaintiff's Notice of Seventh Evasion requests the Court take judicial notice, deem service performed, or permit alternate service. Not. 7th Evasion & Refusal Serv. 2 ECF No. 21. The Court construes it as a motion accordingly.

[2] Plaintiff does not include Defendant Central Oregon Humane Society in the case caption but lists it as a party and includes claims against it in the Complaint. The caption must name all the parties. Fed. R. Civ. P. 10(a).

inmates) *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). A complaint is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Hejazi v. United States*, No. 20-35248, 2021 WL 6103104, at *1 (9th Cir. Dec. 22, 2021).

A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Id.* (citations omitted). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Courts must "continue to construe [self-represented] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Complaints filed by self-represented plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend their complaint unless the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130-31.

## DISCUSSION

Plaintiff alleges that Defendants unlawfully seized his dogs, failed to address his objections to the seizure, denied him due process, charged him in an untimely manner, and infringed on his right to bear arms. FAC 1-5. Plaintiff requests declaratory relief, compensatory damages, costs and fees, and additional relief consistent with law for violations of his Second, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. FAC 6.

I.      **Plaintiff Brings Claims Under Section 1983.**

Section 1983 "is not itself a source of substantive rights[] but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). A Section 1983 claim requires a plaintiff to establish two elements: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (quoting *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). To determine whether Defendants acted under color of law, "[the court] must identify the 'specific conduct of which the Plaintiff complains.'" *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (quoting *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010)).

Section 1983 is limited in its applicability to state and local governments. First, the Eleventh Amendment bars suits against the State and its agencies, absent unequivocal consent by the State. *Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025). Section 1983 is not an unequivocal waiver of sovereign immunity by states. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Section 1983 therefore does not permit plaintiffs to sue states, including "governmental entities that are considered 'arms of the [s]tate.'" *Id.* When a claim is barred by

sovereign immunity, the court lacks jurisdiction to hear the claim, and it must be dismissed with prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

Sovereign immunity does not generally shield municipal entities because they are not considered arms of the state. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (explaining that Congress intended for Section 1983 to apply against municipalities). A municipal entity, however, cannot be held liable under Section 1983 for merely employing a tortfeasor. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). A plaintiff must show the alleged constitutional deprivation arises from an official policy or custom of the municipal entity. *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts.'") (citation omitted). "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Benavidez*, 993 F.3d at 1153.

Section 1983 is generally inapplicable to private parties, reaching only those that act under color of state law. *O'Handler v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating private entities are treated as state actors in "exceptional cases"). To analyze whether a private party acted under color of state law, courts assess "whether the alleged constitutional violation was caused by the 'exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *Id.* at 1156 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). If so, the court asks whether the party charged with the constitutional violation "may fairly be said to be a state actor." *Id.* (quoting *Lugar*, 457 U.S. at 937).

### A. Immunity

Plaintiff alleges Section 1983 liability against the Deschutes County Circuit Court and the DA's Office. These entities are immune from suit under Section 1983 because they are state entities shielded by the Eleventh Amendment. Plaintiff's claims against Deschutes County Circuit Court and the DA's Office are dismissed with prejudice.

### B. Failure to State a Claim

#### 1. Plaintiff's Claims Against Deschutes Legal Counsel and Does 1-20

Plaintiff fails to make any factual allegations whatsoever about Deschutes Legal Counsel and Does 1-20. Plaintiff's claims against these defendants are dismissed because Plaintiff has not offered any factual allegations from which this Court could award relief against Defendants Deschutes Legal Counsel and Does 1-20. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (holding even self-represented pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

#### 2. Plaintiff's *Monell* claims

Plaintiff also brings *Monell* claims against the Sheriff's Office and Animal Control which are municipal entities. Plaintiff appears to allege that the Sheriff's Office arrested him and took him to the Deschutes County Jail and that Animal Control seized his dogs at the time of his arrest. FAC ¶ 14. Plaintiff makes no allegation of a specific official policy, alleging only a threadbare recital that "[v]iolations resulted from county customs, policies, and deliberate indifference." FAC 6. Plaintiff further does not allege which violations resulted from county policies or how county policies impacted his constitutional rights. Plaintiff fails to state a claim against the Sheriff's Office and Animal Control.

### 3. Plaintiff's Remaining Claims

Plaintiff also alleges Section 1983 claims against individuals. He alleges Defendant Pugh "took an exculpatory video," posted it online, and seized evidence. FAC ¶¶ 9, 12, 13. Plaintiff alleges Defendant Sonneby withdrew from representation in Plaintiff's criminal case on June 6, 2025, leaving him without counsel until July 14, 2025. FAC ¶¶ 18-19. He further alleges a threadbare recital that "[d]efendants acted jointly under color of state law." FAC ¶ 29. Public defenders and private attorneys generally do not qualify as persons acting under the color of state law for purposes of Section 1983 claims. *Polk County v. Dodson*, 454 U.S. 312, 325 (1982); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Plaintiff fails to state a claim against Defendant Pugh and Defendant Sonneby because he makes no allegations from which the Court could conclude Defendants Pugh and Sonneby acted under color of state law.

Plaintiff alleges that "Defendant Central Oregon Humane Society exercised delegated custody and disposition authority over Plaintiff's seized animals without notice or process." FAC ¶¶ 11, 17, 27. Construing Plaintiff's allegations liberally, he appears to allege that the Humane Society violated his due process rights under the Fourteenth Amendment because it took custody of his dogs after Plaintiff was arrested. FAC ¶¶ 14, 17, 27. Plaintiff has not alleged that the Humane Society exercised some right or privilege created by the state because he does not allege the source of the Humane Society's authority over his animals.

Plaintiff further has not alleged plausible facts to find that the Humane Society could have been a state actor. A private entity is a state actor if they "exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021). Courts use four tests to conduct that inquiry: (1) the public function test, (2) the state compulsion

test, (3) the nexus test, and (4) the joint action test. *O'Handley*, 62 F.4th at 1157. "The public function test is satisfied only on a showing that the function at issue is 'both traditionally and exclusively governmental.'" *Rawson*, 975 F.3d at 748 (citation omitted). The state compulsion test requires that the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* The nexus test requires a "sufficiently close nexus" between the state and private actor to treat the private actor as the state itself. *Id.* The joint action test requires that the state "significantly involves itself in the private parties' actions and decisionmaking in a complex and deeply intertwined process." *O'Handley*, 62 F.4th at 1159 (citation and internal quotation marks omitted). The inquiry focuses on whether the private actor "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Rawson*, 975 F.3d at 748 (citation omitted).

Plaintiff here makes no allegations of a traditional government function, of any state actor being involved in the Humane Society's conduct with respect to his dogs, of any facts to support a sufficiently close nexus or joint action between a state actor and the Humane Society, or of any facts to support a state actor's deeply intertwined involvement in the Humane Society's conduct. Plaintiff's complaint therefore fails to state a claim for relief against the Humane Society.

**II.     Leave to Amend**

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has been given leave to amend once and his amended complaint failed to cure the deficiencies of his first complaint. The Court gives Plaintiff leave to file an amended complaint against the Sheriff's Office, Animal Control, Steven Pugh, Matthew Sonneby, Central Oregon Humane Society, Deschutes Legal Counsel, and Does

1-20. The Court notes that Plaintiff has submitted several supplemental filings (ECF Nos. 9, 12, 14, 17). To the extent Plaintiff seeks to make factual allegations with those filings, he must raise them in his second amended complaint. Failure to cure the deficiencies discussed above will result in dismissal with prejudice.

### III.    Plaintiff's Other Motions

Plaintiff also filed other motions: (1) a Consolidated Motion to Lodge Returned Certified Mail, for Court-Directed Service, Rule 72 Review, and Referral to District Judge; (2) a Motion Regarding Steven Pugh's Refusal of Service; (3) a Notice of Sixth Refusal of Service and Motion for Order Authorizing Alternative Service and Order Deeming Service Effective as to Steven Pugh, and (4) Notice of Seventh Evasion and Refusal of Service by Defendant Steven Pugh (ECF Nos. 18, 19, 20, and 21). These motions seek alternate service and judicial notice. They are denied as moot because Plaintiff's complaint is dismissed. The Court also notes that Plaintiff believes that his case has not been assigned to a District Judge, but a District Judge is presiding over his case. Any further motion to refer the case to a District Judge will be denied as frivolous. The Court also notes that Plaintiff appears to be attempting to serve parties to this case. The Court has now twice dismissed Plaintiff's complaint prior to the issuance of process. The Court will not order service of process unless Plaintiff cures the defects in his complaint outlined above. *See Neitzke*, 490 U.S. at 324 (stating that screening dismissals of claims filed *in forma pauperis* are often made *sua sponte* before issuance of process).

### CONCLUSION

For the reasons discussed above, Plaintiff's First Amended Complaint (ECF No. 16) is DISMISSED. Plaintiff's claims against Defendants Deschutes County Circuit Court and Deschutes County District Attorney's Office are dismissed with prejudice. Plaintiff's claims against Deschutes County Sheriff's Office, Deschutes County Sheriff's Office Animal Control,

Steven Pugh, Matthew Sonneby, Central Oregon Humane Society, Deschutes Legal Counsel, and Does 1-20 are dismissed with leave to amend. Plaintiff's motions (ECF Nos. 18, 19, 20, and 21) are DENIED as moot. If Plaintiff elects to file an amended complaint, he must do so within thirty days of this Order.

The Court further finds that any appeal from this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

DATED this 9th day of March 2026.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (he/him)<br>
United States District Judge